UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD SATISH EMRIT                                     CIVIL ACTION

VERSUS

HUNTER MEDICAL SYSTEMS, INC.                    NO. 14-00608-BAJ-RLB

## INDICATIVE RULING

On June 24, 2015, this Court ordered Ronald Satish Emrit ("Plaintiff") to show cause, in writing, within seven days of the filing of the order why the Middle District of Louisiana was the proper venue for this action. (Doc. 22). The order was docketed and electronically mailed to Plaintiff on June 25, 2015. On July 6, 2015, this Court then ordered that the above-captioned action be dismissed with prejudice for failure to comply with this Court's order to show cause. (Doc. 23). On July 10, 2015, the Clerk of Court received Plaintiff's Response to the Order to Show Cause (Doc. 24) via the United States Postal Service.

Considering that Plaintiff is a *pro se* litigant, and thus, does not have the ability to file his documentation via the electronic filing system, the Court finds that the previously imposed seven-day deadline was unreasonable under the circumstances. Therefore, the Court should have excused the untimely nature of Plaintiff's response.

Plaintiff subsequently appealed this Court's Order on July 13, 2015, to the United States Court of Appeals for the Fifth Circuit. (Doc. 25).

USCA - certified

As a general rule, the filing of a notice of appeal divests the district court of jurisdiction over aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 56 (1982). In the Fifth Circuit, however, Rule 60(b) motions present an exception to that rule. Accordingly, the Court will treat the filing of Plaintiff's response after the issuance of the dismissal as a Motion for Reconsideration under Rule 60(b).

Rule 62.1 of the Federal Rules of Civil Procedure provides that:

If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

(1) defer considering the motion;
(2) deny the motion; or
(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Thus, "to grant such a motion, the district court must ask leave of the appellate court, or request a remand, because an appeal, of course, transfers jurisdiction over the case to the court of appeals." *Silva v. Harris Cnty.*, 5 F.3d 1496 (5th Cir. 1993).

Accordingly, the Court now requests that the Fifth Circuit **REMAND** the matter pursuant to Rule 12.1 of the Federal Rules of Appellate Procedure so that the Court may vacate its prior Order (Doc. 23) dismissing this action with prejudice.

Further, a review of Plaintiff's most recent pleading reveals the addition of two email addresses that were not previously provided to the Court. The Clerk of Court is hereby **ORDERED** to add the following email addresses to the docket: einsteinrockstar2@outlook.com and wilburandcharlotte@gmail.com. In the future, all updates to contact information shall be submitted by Plaintiff in accordance with

the provisions of Local Civil Rule 11[1] and the *Pro Se* E-Service & E-Notice Consent Form, which Plaintiff previously signed. (Doc. 4).

Baton Rouge, Louisiana, this 17th day of July, 2015.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] Local Civil Rule 11 provides that each *pro se* litigant "has a continuing obligation to apprise the Court of any address change." The mere inclusion of changes to contact information on the signature line of pleadings is insufficient to satisfy this obligation. Direct notification is required.